Robert S. Green (State Bar No. 136183)
James Robert Noblin (State Bar No. 114442)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

*Attorneys for Plaintiffs*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX FEDERMAN, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKET FUEL INC., E. RANDOLPH WOOTTON III, MONTE ZWEBEN, RICHARD A. FRANKEL, SUSAN L. BOSTROM, RONALD E. F. CODD, WILLIAM W. ERICSON, CLARK M. KOKICH, and JOHN J. LEWIS,<br><br>Defendants. | Case No.:  3:17-cv-04651-SK<br><br>**STIPULATION TO DISMISS ACTION AS MOOT AND RETAINING JURISDICTION TO DETERMINE PLAINTIFF'S COUNSEL'S POTENTIAL JOINT APPLICATION FOR FEES AND EXPENSES**<br><br>Judge:         Magistrate Sallie Kim<br>Courtroom:   A – 15th Floor |

**WHEREAS**, on August 7, 2017, Plaintiff Louis Scarantino filed a putative Class Action Complaint (the "Complaint") in the captioned action (the "Action") alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act");

**WHEREAS**, Plaintiff alleged that the Defendants violated Section 14(d) of the Exchange Act and Rule 14d-9 promulgated thereunder by causing an allegedly materially incomplete and misleading Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") filed with the Securities and Exchange Commission (the "SEC") on August 2, 2017, which recommended that Rocket Fuel Inc. ("Rocket Fuel") stockholders tender their shares in favor of approving a transaction between Rocket Fuel and Sizmek Inc. (the "Tender Offer");

**WHEREAS**, Plaintiff further alleged that Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made allegedly false and misleading statements or allegedly omitted material facts;

**WHEREAS**, six similarly-styled class actions have been filed in this Court challenging the Tender Offer (together with the Action, the "Related Actions");

**WHEREAS**, subsequent to the filing of the Complaint, counsel for the parties engaged in arm's-length negotiations in an effort to resolve Plaintiff's claims;

**WHEREAS**, following these negotiations, on August 22, 2017, the parties to the Related Actions entered a Memorandum of Understanding ("MOU") pursuant to which Rocket Fuel agreed to make certain supplemental disclosures;

**WHEREAS,** pursuant to the MOU, on August 23, 2017, Rocket Fuel filed a Schedule 14D-9/A with the SEC, which contained certain supplemental disclosures related to the Proposed Transaction (the "Supplemental Disclosures"), which Plaintiff believes addressed and mooted his claims regarding the sufficiency of the disclosures in the Recommendation Statement;

**WHEREAS**, Plaintiff asserts that the prosecution of the Related Actions caused Rocket Fuel to file the Supplemental Disclosures and that Plaintiff's counsel have the right to seek and recover attorneys' fees and expenses in connection with a claimed common benefit provided to

Rocket Fuel's shareholders as a result of the filing of the Supplemental Disclosures, and plaintiffs' counsel in the Related Actions have agreed that if their claim for fees and expenses cannot be resolved through negotiations, a single application for fees and expenses will be jointly made by plaintiffs' counsel and filed in the action captioned *Bushansky, et al. v. Rocket Fuel, Inc. et al.*, Case No. 3:17-cv-04454-JD (the "Fee Application");

**WHEREAS**, the Tender Offer Closed on September 5, 2017;

**WHEREAS**, pursuant to the terms of the MOU, Plaintiff's counsel wishes to dismiss the Complaint with prejudice as to Plaintiff and without prejudice as to the unnamed members of the putative class;

**WHEREAS**, the parties agree and respectfully request that this Court retain jurisdiction over the Action for the sole purpose of considering any Fee Application in the event the parties are unable to reach an agreement concerning the amount of any attorneys' fees and expenses to be paid to counsel for plaintiffs in the Actions and such an application becomes necessary;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys, and no promise, understanding, or agreement to give any such compensation has been made; nor have the parties had any discussions concerning the amount of any attorneys' fees and expenses;

**WHEREAS**, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Actions was ever meritorious;

**WHEREAS**, Defendants reserve the right to oppose, in whole or in part, any Fee Application; and

**WHEREAS**, no class has been certified in this action.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by the undersigned parties, through their attorneys and subject to the Court's approval, that:

1. Notice is hereby given that pursuant to Rule 41(a)(l)(A) of the Federal Rules of Civil Procedure, Plaintiff voluntarily dismisses this action as moot.

2. The claims pleaded in the Complaint are dismissed with prejudice as to Plaintiff and without prejudice as to the unnamed members of the putative class.

3. Because the dismissal is with prejudice as to the named Plaintiff only, and not on behalf of a putative class, and no class has been certified, notice of this dismissal is not required.

4. This Court shall retain jurisdiction over the parties in the Action solely for the purpose of adjudicating the Fee Application, should such an application prove necessary.

5. The parties to the Related Actions shall meet and confer concerning Plaintiffs' claim for attorneys' fees and expenses.  To the extent that the parties are unable to reach an agreement concerning Plaintiffs' claim for attorneys' fees and expense, they will contact the Court to set a stipulated briefing and hearing schedule with respect to the Fee Application.  If the parties reach an agreement concerning Plaintiffs' claim for attorneys' fees and expenses, they will notify the Court.

DATED:  September 13, 2017            **GREEN & NOBLIN, P.C.**

By:     /s/ Robert S. Green
       Robert S. Green

2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

*Attorneys for Plaintiff*

DATED:  September 13, 2017            **WILSON SONSINI GOODRICH & ROSATI, PROFESSIONAL CORPORATION**

By:     /s/ Steven Guggenheim
       Steven Guggenheim

650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 565-3751

*Attorneys for Defendants Rocket Fuel Inc., Randolph Wootton III, Monte Zweben, Richard A. Frankel, Susan L. Bostrom, Ronald E. F. Codd, William W. Ericson, Clark M. Kokich, and John J. Lewis*

-3-

| | |
|---|---|
| DATED: September 13, 2017 | **KIRKLAND & ELLIS LLP** |
| | By:   /s/ Matthew Solum   <br>         Matthew Solum |
| | 601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4688 |
| | *Attorneys for Defendants Sizmek inc.,*<br>*Fuel Acquisition Co., and Vector Capital* |

### ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

This certifies, pursuant to Local Rule 5-1(i)(3), that all signatories to this document concur in its content and have authorized this filing.

STIPULATION TO DISMISS ACTION
CASE NO. 3:17-cv-04651-SK

00103866.000.docx